USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

   - against -

MARK HUNT,
                    Defendant.

------------------------------------------X

08 Cr. 417 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On March 29, 2009, Mark Hunt ("Hunt" or "Defendant") appeared before this Court and pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846. For the reasons set forth below, Hunt will be sentenced to 135 months' imprisonment and three years' supervised release. Hunt also will be required to pay a special assessment of $100.

**Prior Proceedings**

Information 08 Cr. 417 (RWS) was filed in the Southern District of New York on May 12, 2008. Count I charges that from about 1998 through about April 2006, in the Southern District of New York and elsewhere, Hunt and others known and unknown conspired to violate 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and

1

846, when Hunt and others distributed and possessed with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin.

Defendant's sentencing is currently scheduled for September 8, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. As the Supreme Court explained in Gall v. United States, 128 S. Ct. 586 (2007):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a

> party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented.

Id. at 596 (internal citation and footnote omitted). Thus, in addition to analysis of the Guidelines, the sentence imposed here results from consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records

who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Hunt's personal and family history.

**The Offense Conduct**

The following description draws on the PSR. The

4

specific facts of the underlying conduct are adopted as set forth in that report.

On several occasions from about April 2006 through about June 2006, agents of the Drug Enforcement Administration ("DEA") interviewed an unnamed co-conspirator ("CC-1"). During these interviews, CC-1 stated, among other things, that CC-1 had been dealing heroin since the early 1990's in quantities of 200 grams to one kilogram, in northern New Jersey and the New York City area, including the Bronx, New York. CC-1 personally supervised the packaging of his/her heroin and the preparation of it for sale. From about 2002 until about 2006, Hunt packaged heroin for CC-1 and was paid for his services.

Shortly after CC-1's arrest in early 2006, CC-1 asked Hunt to transport approximately $200,000 in cash intended for delivery to one of CC-1's heroin suppliers as payment for heroin that CC-1 had previously obtained.

In July 2007, DEA agents participated in an interview of Hunt, during which Hunt stated, among other things, that he met CC-1 in or about 1998. According to Hunt, CC-1 told Hunt about CC-1's heroin trafficking activities approximately a year and a half after they met. Hunt assisted CC-1 in packaging

heroin for distribution on approximately 15 occasions, the last in or about the fall of 2005. Hunt packaged approximately 5 to 10 "bricks" of heroin on each such occasion, while other individuals packaged additional heroin. Hunt was paid by CC-1 for his services. Hunt also stated that CC-1 said to Hunt that she/he thought she/he was being watched by the police, and that if CC-1 was arrested, Hunt should pick up a quantity of money from an associate of CC-1 and deliver it to a co-conspirator not named as a defendant herein ("CC-2"). Hunt picked up approximately $200,000 and delivered it to CC-2.

On January 10, 2008, Hunt was arrested.

**The Relevant Statutory Provisions**

The mandatory minimum term of imprisonment for Count I is 10 years, with a maximum term of life imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 846. Count I therefore constitutes a Class A felony, pursuant to 18 U.S.C. § 3559(a)(1). A term of supervised release of at least five years is required, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 846.

Hunt is not eligible for probation, as probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 21 U.S.C § 841 (b)(1)(A).

The maximum fine is $4 million, pursuant to 21 U.S.C. § 841(b)(1)(A). Pursuant to 18 U.S.C. § 3013, a special assessment of $100 is mandatory.

**The Guidelines**

The November 1, 2008 edition of the United States Sentencing Commission Guidelines Manual has been used in this case, pursuant to § 1B1.11(a).

The guideline for the violation of 21 U.S.C. § 846 is found in § 2D1.1. Because the offense involves more than 30 kilograms of heroin, the offense level specified in the Drug Quantity Table in that section sets a base offense level of 38. As Hunt appears to meet the criteria set forth in subdivisions (1)-(5) of § 5C1.2, pursuant to § 2D1.1(b)(11), a two-level decrease in his offense level is warranted.

Hunt is also entitled to a 2-level decrease in his offense level for acceptance of responsibility under § 3E1.1(a) and

7

an additional one-level reduction, pursuant to § 3E1.1(b), for timely notifying the Government of his intention to enter a plea of guilty, thereby allowing the Government to allocate its resources more efficiently.

Accordingly, the applicable offense level is 33.

Hunt has no known criminal convictions. Therefore, Defendant has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 33 and a Criminal History Category of I, the Guidelines range for imprisonment is 135 to 168 months.

The Guidelines range for a term of supervised release is five years, the minimum required by statute, pursuant to § 5D1.2(c). However, Application Note 2 of § 5D1.2 provides that a defendant who qualifies under § 5C1.2 is not subject to any statutory minimum sentence of supervised release. Pursuant to § 5D1.2(a)(1), the Guidelines range for a term of supervised release is 3 to 5 years.

Because the instant offense is one for which probation

has been expressly precluded by statute, the Defendant is not eligible for probation pursuant to § 5B1.1(b)(2).

The fine range for the instant offense is from $17,500 to $175,000 pursuant to § 5E1.2(c)(3). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,076.83 to be used for imprisonment, a monthly cost of $301.80 for supervision, and a monthly cost of $1,905.92 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, it is hereby determined that a sentence within the Guidelines framework is warranted.

**The Sentence**

For the instant offense, Hunt will be sentenced to 135 months' imprisonment and a three-year term of supervised release.

Hunt is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence a three-year term of supervised release. It is recommended that Hunt be supervised by the district of his residence.

As mandatory conditions of his supervised release, Hunt shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance, and shall submit to one drug testing within fifteen (15) days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer; and (5) shall cooperate in the collection of DNA as directed by the probation officer.

Furthermore, the standard conditions of supervision

10

(1-13), set forth in the judgment, shall be imposed with the additional special condition that Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for September 8, 2009.

It is so ordered.

New York, NY
September 3 , 2009

_____
ROBERT W. SWEET
U.S.D.J.

12